**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAMIAN R. TRAPANI,

                     Plaintiff,

        v.

MATTHEW J. SYPNIEWSKI, Judge, *et al.*,

                     Defendants.

                     8:23-CV-1433
                     (LEK/DJS)

**APPEARANCES:**

DAMIAN R. TRAPANI
Plaintiff, *Pro Se*
21-A-1103
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

       The Clerk has sent to the Court for review a Complaint submitted by *pro se* Plaintiff asserting claims pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application").[2]  By separate order, the Court approved Plaintiff's IFP Application.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

[2] The request for an extension of time to file the IFP application is denied as moot.

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]  Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Complaint

The Complaint, brought pursuant to 42 U.S.C. § 1983 and state law, names twenty specifically identified Defendants and more than 100 Doe Defendants.  Compl. at ¶¶ 9-24.  It also identifies six specific legal claims, though it does not indicate which claims apply to which Defendants.  *Id.* at ¶¶ 78-83.  Generally stated, the allegations revolve around Plaintiff's arrest and subsequent time incarcerated at the Schenectady County Correctional Facility or time spent in various drug treatment facilities.  *See generally id.* at ¶¶ 27-77.

## C.  Analysis of the Complaint

### 1. General Pleading Standards

The Federal Rules of Civil Procedure require, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Absent clarity as to the nature of the claims "defendants will not be able to respond meaningfully to the instant complaint." *DeMarco v. City of New York*, 2008 WL

3285892, at *1 (E.D.N.Y. Aug. 8, 2008).  While the Complaint cites numerous federal and state statutory and constitutional provisions, it does not provide the required clarity. The Complaint provides detailed factual pleading, but fails to satisfy the particularity requirement with regard to the identified legal claims.  Plaintiff simply lists his legal claims on a single page and does not specifically identify which facts relate to each claim or identify which claims are lodged against which Defendants.[4]   That makes it exceptionally difficult for Defendants to properly respond to the allegations in the Complaint.

By way of example, the Complaint names numerous employees and officials with the Schenectady County Sheriff's Office as Defendants.  However, apart from an entirely conclusory allegation that Plaintiff contracted Covid-19 because Defendants Cufari and Guerin refused to allow Plaintiff to meet with a counselor, Compl. at ¶ 57, the Complaint fails to provide any notice as to the factual or legal nature of the claims lodged against the Schenectady County Defendants.  Similarly, Butler, who is alleged to be the Director of the County's Drug Court Program is named prominently throughout the Complaint, though the precise nature of Plaintiff's claims against him are unclear.  When a complaint does not comply with Rule 8's pleading requirements it presents too heavy a burden for defendants to defend against "and provides no meaningful basis for the Court to assess

---

[4] Plaintiff has noted the need to clarify the allegations in the Complaint.  Dkt. No. 6.

- 5 -

the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

### 2. Statute of Limitations

Some of Plaintiff's claims appear, in any event, to be untimely.  The statute of limitations for a section 1983 action in New York is three years.  *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).  For purposes of this review, the Court will presume the Complaint was filed November 14, 2023, the date it was signed and is postmarked from the location of Plaintiff's incarceration at the time of the filing.  Compl. at p. 20; Dkt. No. 1-1; *see also Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005) (discussing prison mailbox rule).  The allegations in the Complaint, however, date back as far as July 2019 when Plaintiff was arrested on charges that ultimately gave rise to the facts underlying this action.  Claims predating November 14, 2020, therefore, are untimely and should be dismissed.  This would include all claims regarding alleged retaliation in delaying Plaintiff's release from the Schenectady County Jail in August 2019 and claims related to Plaintiff's stay at Hospitality House in June 2020.

### 3. Judicial Immunity

Even to the extent not barred by the applicable statute of limitations, claims against Defendant Sypniewski are subject to dismissal on immunity grounds.  In actions brought under 42 U.S.C. § 1983 judges enjoy absolute immunity from suit for actions taken in the performance of their duties.  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that

"[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)).  Here, though not specifically outlined, the Complaint's only allegations related to Judge Sypniewski appear to concern his conducting proceedings related to Plaintiff's arrest.  This conduct clearly relates to the official duties of a judge and so Plaintiff's claims in this regard are barred by absolute immunity.  *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature"); *Young v. Selsky*, 41 F.3d at 51.

### 4. State Action

Any claim under section 1983 requires state action.  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, *FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted).  "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).  "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted).

A number of the Defendants in this case are private drug treatment facilities and their employees. The Complaint fails to allege that any of those Defendants were state actors.

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the coercive power of the state or is controlled by the state (the compulsion test); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies (the joint action test or close nexus test); or (3) when the entity has been delegated a public function by the state, (the public function test).

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)) (internal quotations and alterations omitted).

Courts have repeatedly recognized that treatment facilities of the sort named as Defendants here are not state actors. *See*, *e.g.*, *Byng v. Delta Recovery Servs., LLC*, 2013 WL 3897485, at *8 (N.D.N.Y. July 29, 2013); *Mele v. Hill Health Ctr.*, 609 F. Supp. 2d 248, 257 (D. Conn. 2009). "That Plaintiff opted to participate in the program at [the Defendant treatment facilities] in lieu of completing a prison sentence does not transform the treatment facility and its employees into state actors, nor does it render their actions in implementing the internal requirements of the treatment program - which were not created or directed by the court - into state action." *Vaughn v. Phoenix House Programs of New York*, , 2015 WL 5671902, at *5 (S.D.N.Y. Sept. 25, 2015). Plaintiff has failed to

allege facts that the Defendant treatment centers or its employees were state actors and, therefore, claims against Defendants Mary Smith, Fulton Friendship House, Robert Johnson, Thomas Ryan, Kathleen Valachovic, Victorian Manor, Inc., Doreen Ashabranner, Deborah Todd, and Jaime Swezey should be dismissed.

### 5. Leave to Amend

Courts recognize that dismissal of a complaint filed by a *pro se* litigant "without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated'" would be inappropriate. *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, Plaintiff may be able to cure the deficiencies in his pleading related to providing insufficient factual allegations regarding specific Defendants and may be able to allege facts to demonstrate state action on the part of other Defendants. Accordingly, it is recommended that Plaintiff be granted leave to amend to do so.

Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, granting leave to amend would be futile. *See Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). That is true here with respect to recommended dismissals based on judicial immunity and the statute of limitations. Therefore, the defects in the pleading are substantive, and allowing Plaintiff leave to amend the Complaint would be futile. *See Jackson v. Pfau*, 523 F. App'x 736, 737 (2d Cir. 2013)

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages. Plaintiff is referred to FED. R. CIV. P. 8 and 10 as to the proper form for his pleadings.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend** as set forth above pursuant to 28 U.S.C. §§ 1915(e) & 1915(A); and it is

**ORDERED**, that the request for additional time (Dkt. No. 3) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report.  Such objections shall be filed

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal

with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   March 7, 2024
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).