UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAMIAN R. TRAPANI,

                          Plaintiff,

   -against-                                              8:23-CV-1433 (LEK/DJS)

MATTHEW J. SYPNIEWSKI, *et al.*,

                          Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.**      **INTRODUCTION**

Plaintiff Damian R. Trapani filed this 42 U.S.C. § 1983 action on November 16, 2023, against numerous defendants alleging multiple constitutional violations that occurred during Plaintiff's arrest, time spent at drug treatment facilities, and incarceration at Schenectady County Correctional Facility. Dkt. No. 1 ("Complaint"). On March 7, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Complaint be dismissed with leave to amend. Dkt. No. 8 ("Report and Recommendation"). Plaintiff has filed objections. Dkt. No. 9 ("Objection").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.**     **BACKGROUND**

The Court assumes familiarity with Judge Stewart's Report and Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See R. & R. at 4–10.

1

### III.    LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." N.Y.C. Dist. Council. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). "The objections of

2

parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

IV.  DISCUSSION

Plaintiff makes two objections to Judge Stewart's Report and Recommendation.

First, Plaintiff objects to Judge Stewart findings that Defendant Matthew J. Sypniewski ("Judge Sypniewski") cannot be sued because Judge Sypniewski has judicial immunity. See Obj. at 2; see also R. & R. at 6–7. Plaintiff states that "[c]ontrary to [the] Magistrate Judge's rational[e,] a Judge is not absolutely immune to suit for assaulting an individual in his or her Courtroom." Obj. at 2 (citing Gregory v. Thompson, 500 F.2d 59, 66 (9th Cir. 1974)). The Court has reviewed Plaintiff's Complaint and agrees with Judge Stewart's analysis that "the Complaint's only allegations related to Judge Sypniewski appear to concern his conducting proceedings related to Plaintiff's arrest." R. & R. at 7; see also Compl. at 9–19. As Judge Stewart correctly found, the allegations in the Complaint concern official duties of a judge. See R. & R. at 7; Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009) (noting that "acts arising out of, or related to, individual cases before the judge are considered judicial in nature"). And if a judge is performing official duties, he cannot be found liable for a Section 1983 claim. See Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from

3

personal liability for 'acts committed within their judicial jurisdiction'") (quoting Pierson v. Ray, 386 U.S. 547, 550 (1967)). Judge Stewart therefore correctly determined that Plaintiff could not maintain his Section 1983 claim against Judge Sypniewski. Plaintiff's first objection is thus overruled.

Second, Plaintiff objects to Judge Stewart's Section 1983 state action analysis with respect to those defendants who are either private drug treatment facilities or employees of those facilities. See Obj. at 2; see also R. & R. at 7–9. Specifically, Plaintiff states that the Report and Recommendation's analysis is an "oversimplification of whether suit can be brought against a private person. There are exceptions to bring suit against an otherwise private person pursuant to . . . Section 1983." Obj. at 2. Plaintiff is correct that certain exceptions exist. See, e.g., Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005). However, in reviewing Plaintiff's Complaint, nowhere does Plaintiff provide evidence that suggests any such exception is relevant to his claims. Judge Stewart was therefore correct in finding that Plaintiff cannot maintain Section 1983 claims against the private drug treatment facilities and their employees because they are not state actors. See R. & R. at 7–9. This objection is thus also overruled.

In summary, the Court overrules both of Plaintiff's objections. The Court therefore adopts the Report and Recommendation in its entirety.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 8, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; and it is further

**ORDERED**, that if Plaintiff wishes to file an amended complaint, he has forty-five (45) days from this Memorandum-Decision and Order to file an amended complaint; and it is further

**ORDERED**, that if Plaintiff fails to file an amended complaint, the Clerk is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 24, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge